**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| LINDA SUE McINTYRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 05 C 50071 |
| JOHN KARR IRVINE and the VANGUARD ) | |
| GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT FOR INTERPLEADER AND**
**DECLARATORY RELIEF, BREACH OF CONTRACT,**
**FRAUD AND CONVERSION**

FOR ITS Complaint against the Defendants, JOHN KARR IRVINE and the VANGUARD GROUP, INC., the Plaintiff, LINDA SUE McINTYRE, states as follows:

**COUNT I**

**INJUNCTIVE RELIEF VANGUARD**

1) The Plaintiff is a citizen of the State of Illinois residing in the City of Rockford, County of Winnebago and State of Illinois, and was a citizen of the State of Illinois at all times relevant hereinafter mentioned. The Defendant, JOHN KARR IRVINE, is a citizen of the State of Colorado, residing at 580 South Lakewood, in Lakewood Colorado, and was a citizen of the State of Colorado at all times relevant hereinafter mentioned. The Defendant, THE VANGUARD GROUP, INC., is a financial investment corporation, incorporated under the laws of the State of Pennsylvania and at all times relevant hereinafter mentioned having its principal place of business in the State of Pennsylvania. The matter and controversy exceeds exclusive

of interest and cost of the sum specified by 28 USC §1332. The Court has jurisdiction of the subject matter pursuant to the provisions of U.S.C. §1332 (a)(1).

2) That the Plaintiff, LINDA SUE McINTYRE and the Defendant, JOHN KARR IRVINE, are brother and sister.

3) The mother of the Plaintiff and Defendant, Pearl Irene Irvine died on September 12th, 2004, a resident of the State of Illinois leaving an estate consisting of several accounts in joint tenancy with the Plaintiff or the Defendant, JOHN KARR IRVINE, or both or payable on death in a Totten Trust with the Plaintiff as beneficiary.

4) In settling the estate of the aforementioned decedent, Pearl Irene Irvine, the Plaintiff and the Defendant, JOHN KARR IRVINE entered into an oral agreement with regard to two investment accounts which were in joint tenancy among the decedent, the Plaintiff and the Defendant, JOHN KARR IRVINE, whereby the Plaintiff would receive sole right, title and interest, in and to one account and in return the Defendant, JOHN KARR IRVINE would receive sole, right, title and interest, in and to the other account.

5) In reliance upon the promises, representations and agreements of the Defendant, JOHN KARR IRVINE, the Plaintiff executed a transfer of all of her right, title and interest, in and to an Edward Jones stock investment account number 875-06692-1-3 jointly titled in the names of Pearl Irvine, John Karr Irvine and Linda Sue McIntyre with a balance of Ninety Seven Thousand Fifty One and 88/100ths ($97,051.88) Dollars. A copy of the account statement is attached hereto marked Exhibit "A" and made a part hereof.

6) The oral agreement of the parties provided that the Defendant, JOHN KARR IRVINE would execute and deliver to the Plaintiff, a transfer of his ownership, all right title and interest in and to VANGUARD WINDSOR FUND INVESTOR SHARES under account number

00975218804 from an account which was in joint tenancy under the names of Pearl I. Irvine, John Karr Irvine and Linda Sue McIntyre, joint tenants, which as of September 30, 2004 had an account balance of $92,986.34. A copy of the statement account is attached hereto marked Exhibit "B" and made a part hereof.

7) The Plaintiff has repeatedly requested of the Defendant, JOHN KARR IRVINE that be complete the terms of the agreement on his part to be performed by executing an assignment of the aforedescribed VANGUARD account to the Plaintiff and the Defendant, JOHN KARR IRVINE, has failed and refused to comply now claiming that he is entitled to the entire VANGUARD WINDSOR Fund Account.

8) Each of the Plaintiff and Defendant, JOHN KARR IRVINE is claiming to be the only person entitled to sole ownership of the VANGUARD account.

9) By reason of these conflicting claims the Defendant, the VANGUARD GROUP, INC., may be in doubt as to which party is entitled to sole ownership of the account.

WHEREFORE the Plaintiff demands that the Court enter an injunction directing:

The Defendant, VANGUARD, to freeze and retain VANGUARD WINDSOR FUND INVESTOR SHARES under account number 00975218804 until the Court makes a determination of ownership of the account and distribute the account pursuant to Court Order.

## COUNT II

### BREACH OF CONTRACT

1) The Plaintiff is a citizen of the State of Illinois residing in the City of Rockford, County of Winnebago and State of Illinois, and was so residing at all times relevant hereinafter mentioned. The Defendant, JOHN KARR IRVINE, is a resident of the State of Colorado, residing at 580 South Lakewood, in Lakewood

3

Colorado, and was so residing at all times relevant hereinafter mentioned. The Defendant, THE VANGUARD GROUP, INC., is a financial investment corporation, incorporated under the laws of the State of Pennsylvania having its principal place of business in a State other than the State of Illinois. The matter and controversy exceeds exclusive of interest and cost of the sum specified by 28 USC §1332.

2) That the Plaintiff, LINDA SUE McINTYRE and the Defendant, JOHN KARR IRVINE, are brother and sister.

3) The mother of the Plaintiff and Defendant, Pearl Irene Irvine died on September 12th, 2004, a resident of the State of Illinois leaving an estate consisting of several accounts in joint tenancy with the Plaintiff or the Defendant, JOHN KARR IRVINE, or both or payable on death in a Totten Trust with the Plaintiff as beneficiary.

4) In settling the estate of the aforementioned decedent, Pearl Irene Irvine, the Plaintiff and the Defendant, JOHN KARR IRVINE entered into an oral agreement with regard to two investment accounts which were in joint tenancy among the decedent, the Plaintiff and the Defendant, JOHN KARR IRVINE, whereby the Plaintiff would receive sole right, title and interest, in and to one account and in return the Defendant, JOHN KARR IRVINE would receive sole, right, title and interest, in and to the other account.

5) In reliance upon the promises, representations and agreements of the Defendant, JOHN KARR IRVINE, the Plaintiff executed a transfer of all of her right, title and interest, in and to an Edward Jones stock investment account number 875-06692-1-3 jointly titled in the names of Pearl Irvine, John Karr Irvine and Linda Sue McIntyre with a balance of

Ninety Seven Thousand Fifty One and 88/100ths ($97,051.88) Dollars. A copy of the account statement is attached hereto marked Exhibit "A" and made a part hereof.

6) The oral agreement of the parties provided that the Defendant, JOHN KARR IRVINE would execute and deliver to the Plaintiff, a transfer of his ownership, all right title and interest in and to VANGUARD WINDSOR FUND INVESTOR SHARES under account number 00975218804 from an account which was in joint tenancy under the names of Pearl I. Irvine, John Karr Irvine and Linda Sue McIntyre, joint tenants, which as of September 30, 2004 had an account balance of $92,986.34. A copy of the statement account is attached hereto marked Exhibit "B" and made a part hereof.

7) The Plaintiff has repeatedly requested of the Defendant, JOHN KARR IRVINE that he complete the terms of the agreement on his part to be performed by executing an assignment of the aforedescribed VANGUARD account to the Plaintiff and the Defendant, JOHN KARR IRVINE, has failed and refused to comply now claiming that he is entitled to the entire VANGUARD WINDSOR Fund Account.

8) Each of the Plaintiff and Defendant, JOHN KARR IRVINE is claiming to be the only person entitled to sole ownership of the VANGUARD account.

9) By reason of these conflicting claims the Defendant, the VANGUARD GROUP, INC., may be in doubt as to which party is entitled to sole ownership of the account.

10) The Plaintiff has completed all terms of the oral contract on her part to be performed by transferring her joint interest in the Edward Jones account number 875-06692-1-3 to the Defendant, JOHN KARR IRVINE.

11) That the Defendant, JOHN KARR IRVINE has breached the contract by his failure to transfer his joint interest in the VANGUARD WINDSOR FUND INVESTOR SHARES to the Plaintiff under account number 00975218804.

WHEREFORE the Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendant, JOHN KARR IRVINE in the amount of $92,986.34 plus any appreciation in the value of the account since September 30, 2004, plus costs of suit or in the alternative that the Court direct the Defendant, VANGUARD to transfer VANGUARD WINDSOR FUND INVESTOR SHARES account no. 00975218804 to the Plaintiff, and order the costs of suit to the Plaintiff against the Defendant, JOHN KARR IRVINE.

## COUNT III

## CONVERSION

1) The Plaintiff is a citizen of the State of Illinois residing in the City of Rockford, County of Winnebago and State of Illinois, and was so residing at all times relevant hereinafter mentioned. The Defendant, JOHN KARR IRVINE, is a resident of the State of Colorado, residing at 580 South Lakewood, in Lakewood Colorado, and was so residing at all times relevant hereinafter mentioned. The Defendant, THE VANGUARD GROUP, INC., is a financial investment corporation, incorporated under the laws of the State of Pennsylvania having its principal place of business in a State other than the State of Illinois. The matter and controversy exceeds exclusive of interest and cost of the sum specified by 28 USC §1332.

2) That the Plaintiff, LINDA SUE McINTYRE and the Defendant, JOHN KARR IRVINE, are brother and sister.

3) The mother of the Plaintiff and Defendant, Pearl Irene Irvine died on September 12th, 2004, leaving an estate consisting of several accounts in joint tenancy with the Plaintiff

6

or the Defendant, JOHN KARR IRVINE, or both or payable on death in a Totten Trust with the Plaintiff as beneficiary.

4) In settling the estate of the aforementioned decedent, Pearl Irene Irvine, the Plaintiff and the Defendant, JOHN KARR IRVINE entered into an oral agreement with regard to two investment accounts which were in joint tenancy among the decedent, the Plaintiff and the Defendant, JOHN KARR IRVINE, whereby the Plaintiff would receive sole right, title and interest, in and to one account and in return the Defendant, JOHN KARR IRVINE would receive sole, right, title and interest, in and to the other account.

5) In reliance upon the promises, representations and agreements of the Defendant, JOHN KARR IRVINE, the Plaintiff executed a transfer of all of her right, title and interest, in and to an Edward Jones stock investment account number 875-06692-1-3 jointly titled in the names of Pearl Irvine, John Karr Irvine and Linda Sue McIntyre with a balance of Ninety Seven Thousand Fifty One and 88/100ths ($97,051.88) Dollars. A copy of the account statement is attached hereto marked Exhibit "A" and made a part hereof.

6) The oral agreement of the parties provided that the Defendant, JOHN KARR IRVINE would execute and deliver to the Plaintiff, a transfer of his ownership, all right title and interest in and to VANGUARD WINDSOR FUND INVESTOR SHARES under account number 00975218804 from an account which was in joint tenancy under the names of Pearl I. Irvine, John Karr Irvine and Linda Sue McIntyre, joint tenants, which as of September 30, 2004 had an account balance of $92,986.34. A copy of the statement account is attached hereto marked Exhibit "B" and made a part hereof.

7) The Plaintiff has repeatedly requested of the Defendant, JOHN KARR IRVINE that to complete the terms of the agreement by executing an assignment of the aforedescribed

VANGUARD account and the Defendant, JOHN KARR IRVINE, has failed and refused to comply now claiming that he is entitled to the entire VANGUARD WINDSOR Fund Account.

8) Each of the Plaintiff and Defendant, JOHN KARR IRVINE is claiming to be the only person entitled to sole ownership of the VANGUARD account.

9) By reason of these conflicting claims the Defendant, the VANGUARD GROUP, INC., may be in doubt as to which party is entitled to sole ownership of the account.

10) The Plaintiff has completed all terms of the oral contract on her part to be performed by transferring her joint interest in the Edward Jones account number 875-06692-1-3 to the Defendant, JOHN KARR IRVINE.

11) On or about September 22, 2004, the Defendant, JOHN KARR IRVINE, willfully and maliciously converted to his own use and benefit the joint interest of the Plaintiff in the Edward Jones Stock Account number 875-00692-1-3 with no intention at the time of making his agreement to transfer the VANGUARD account to the Plaintiff.

WHEREFORE the Plaintiff demands judgment against the Defendant, JOHN KARR IRVINE in the sum of one-half the Edward Jones account balance of Ninety Seven Thousand Fifty One and 88/100ths ($97,051.88) Dollars plus interest, plus $50,000.00 in punitive damages and costs or in the alternative that both the Edward Jones Account and the Vanguard account joint tenancies be severed and that ½ of the account balances be awarded to the Plaintiff and the Defendant, JOHN KARR IRVINE and that the Plaintiff be awarded punitive damages of $50,000.00.

## IV

## FRAUD

1) The Plaintiff is a citizen of the State of Illinois residing in the City of Rockford, County of Winnebago and State of Illinois, and was so residing at all times relevant hereinafter mentioned. The Defendant, JOHN KARR IRVINE, is a resident of the State of Colorado, residing at 580 South Lakewood, in Lakewood Colorado, and was so residing at all times relevant hereinafter mentioned. The Defendant, THE VANGUARD GROUP, INC., is a financial investment corporation, incorporated under the laws of the State of Pennsylvania having its principal place of business in a State other than the State of Illinois. The matter and controversy exceeds exclusive of interest and cost of the sum specified by 28 USC §1332.

2) That the Plaintiff, LINDA SUE McINTYRE and the Defendant, JOHN KARR IRVINE, are brother and sister.

3) The mother of the Plaintiff and Defendant, Pearl Irene Irvine died on September 12th, 2004, a resident of the State of Illinois leaving an estate consisting of several accounts in joint tenancy with the Plaintiff or the Defendant, JOHN KARR IRVINE, or both or payable on death in a Totten Trust with the Plaintiff as beneficiary.

4) In settling the estate of the aforementioned decedent, Pearl Irene Irvine, the Plaintiff and the Defendant, JOHN KARR IRVINE entered into an oral agreement with regard to two investment accounts which were in joint tenancy among the decedent, the Plaintiff and the Defendant, JOHN KARR IRVINE, whereby the Plaintiff would receive sole right, title and interest, in and to one account and in return the Defendant, JOHN KARR IRVINE would receive sole, right, title and interest, in and to the other account.

5) In reliance upon the promises, representations and agreements of the Defendant, JOHN KARR IRVINE, the Plaintiff executed a transfer of all of her right, title and interest, in and to an Edward Jones stock investment account number 875-06692-1-3 jointly

9

titled in the names of Pearl Irvine, John Karr Irvine and Linda Sue McIntyre with a balance of Ninety Seven Thousand Fifty One and 88/100ths ($97,051.88) Dollars. A copy of the account statement is attached hereto marked Exhibit "A" and made a part hereof.

6) The oral agreement of the parties provided that the Defendant, JOHN KARR IRVINE would execute and deliver to the Plaintiff, a transfer of his ownership, all right title and interest in and to VANGUARD WINDSOR FUND INVESTOR SHARES under account number 00975218804 from an account which was in joint tenancy under the names of Pearl I. Irvine, John Karr Irvine and Linda Sue McIntyre, joint tenants, which as of September 30, 2004 had an account balance of $92,986.34. A copy of the statement account is attached hereto marked Exhibit "B" and made a part hereof.

7) The Plaintiff has repeatedly requested of the Defendant, JOHN KARR IRVINE that to complete the terms of the agreement by executing an assignment of the aforedescribed VANGUARD account and the Defendant, JOHN KARR IRVINE, has failed and refused to comply now claiming that he is entitled to the entire VANGUARD WINDSOR Fund Account.

8) Each of the Plaintiff and Defendant, JOHN KARR IRVINE is claiming to be the only person entitled to sole ownership of the VANGUARD account.

9) By reason of these conflicting claims the Defendant, the VANGUARD GROUP, INC., may be in doubt as to which party is entitled to sole ownership of the account.

10) The Plaintiff has completed all terms of the oral agreement on her part to be performed by transferring her joint interest in the Edward Jones account number 875-06692-1-3 to the Defendant, JOHN KARR IRVINE.

11) The Defendant, JOHN KARR IRVINE induced the Plaintiff to transfer her ownership interest in the Edward Jones account number 875-00692-1-03 to the Defendant,

10

JOHN KARR IRVINE by falsely promising to transfer his interest in the VANGUARD WINDSOR FUND INVESTOR SHARES to her knowing at this time of his promise that he had no intention of transferring his interest in the VANGUARD WINDSOR FUND INVESTMENT SHARES.

12) That the Plaintiff relied upon the promises and representations of the Defendant, JOHN KARR IRVINE to transfer his interest in the VANGUARD WINDSOR FUND INVESTMENT SHARES and was damaged by the transfer of her joint interest in the Edward Jones Account.

WHEREFORE the Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendant, JOHN KARR IRVINE in the amount of $92,986.34 plus any appreciation in the value of the account since September 30, 2004, plus costs of suit plus $50,000.00 punitive damages or in the alternative that the Court direct the Defendant, VANGUARD to transfer VANGUARD WINDSOR FUND INVESTOR SHARES account no. 00975218804 to the Plaintiff, and order the costs of suit to the Plaintiff against the Defendant, JOHN KARR IRVINE.

LINDA SUE McINTYRE, Plaintiff,

BY: _____
THEODORE LIEBOVICH, her attorney

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 2005

_____
(Signature of Plaintiff)

11

_____
(Print Name)

_____
(I.D. Number)

_____
(Address)

_____

Prepared by:

Theodore Liebovich
LIEBOVICH & WEBER, P.C.
415 South Mulford Road
P.O. Box 6066
Rockford, IL 61125-1066
(815-226-8912)

**PROOF OF SERVICE**

STATE OF ILLINOIS  )
                              ) ss
COUNTY OF WINNEBAGO  )

    The Undersigned, being first duly sworn on oath, deposes and states that I served the within FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF, BREACH OF CONTRACT, FRAUD AND CONVERSION, and NOTICE OF FILING upon:

    Stuart T. Steinberg
    Associate Counsel
    The Vanguard Group, Inc.
    Legal Department, V26
    400 Devon Park Drive
    Wayne, PA 19087

_____    by faxing a true and correct copy of said FIRST AMENDED COMPLAINT at or about the hour of _____ o'clock \_\_\_\_.M. on the _____ day of _____, 2005.

  XX    by placing a true and correct copy of said FIRST AMENDED COMPLAINT in an envelope, each addressed as shown; that I sealed said envelope and placed sufficient U.S. postage on each; and that I deposited said envelope so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour of 5:00 P.M. on the <u>21st</u> day of <u>April,</u> 2005.

_____    by hand delivering a true and correct copy of said FIRST AMENDED COMPLAINT on the \_\_\_\_\_ day of _____, 2005, to _____.

*/s/ Patricia M. Luley*

SUBSCRIBED & SWORN
to before me this <u>21st</u>
day of <u>April</u>, 2005.

*/s/ Theodore Liebovich*

> OFFICIAL SEAL
> THEODORE LIEBOVICH
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES 6-24-2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LINDA SUE McINTYRE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN KARR IRVINE and the VANGUARD )<br>GROUP, INC., )<br>)<br>Defendants ) | CASE NO. 05 C 50071 |

## NOTICE OF FILING

TO: Stuart T. Steinberg
Associate Counsel
The Vanguard Group, Inc.
Legal Department, V26
400 Devon Park Drive
Wayne, PA 19087

PLEASE TAKE NOTICE that on the 21st day of April, 2005, the undersigned caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division, Room 211, Federal Building, 211 South Court Street, Rockford, Illinois, 61101, a First Amended Complaint for Interpleader and Declartory Relief, Breach of Contract, Fraud and Conversion, a copy of which is attached hereto and herewith served upon you.

THEODORE LIEBOVICH

### PROOF OF SERVICE

I, THEODORE LIEBOVICH, the attorney, certify that on April 21st, 2005, I caused the aforesaid Notice of Filing and attached First Amended Complaint to be served upon all persons to whom it is directed via fax, personal delivery, or by United States first class mail, postage prepaid, by depositing same in the U.S. Mail at Rockford, Illinois, before 5:00 p.m.

THEODORE LIEBOVICH

Theodore Liebovich
LIEBOVICH & WEBER, P.C.
415 South Mulford Rd.
P.O. Box 6066
Rockford, IL 61125-1066
(815) 226-8912